Although I concur in judgment only, I respectfully add another basis for affirming the trial court's decision.
As the majority correctly states, R.C. 2950.04(C) requires the defendant to report his place of employment, but it also requires that he include on the signed, written registration form the license plate number of each motor vehicle he owns and each vehicle registered in his name. State's Exhibit C (Appendix), the registration form which defendant signed on October 12, 1999, contains no information in the space provided for listing his motor vehicle. Above the defendant's signature is the statement, By signing this card, I acknowledge that the information about my residence address, my employer, my motor vehicles and my designation is correct. If the defendant was homeless and living out of his car, it was imperative that he provide the motor vehicle information, at a minimum, to comply with the spirit of the law. This would have enabled law enforcement to trace his whereabouts, the compelling public interest the majority cites. I therefore concur in the judgment because the defendant failed to show even substantial compliance with the registration requirements of the sexual predator law.